## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL TRUESON,                          :        CIVIL ACTION
                                          :
      Plaintiff,                     :
                                          :        No:
      v.                             :
                                          :
CHARLES SCHWAB & CO., INC.                :
                                          :
      Defendant.                     :

### COMPLAINT AND JURY DEMAND

**I.    PARTIES AND JURISDICTION**

    1.    Plaintiff, Michael Trueson, is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at, 1100 S. Broad Street, Unit 301B, Philadelphia, Pennsylvania.

    2.    Defendant, Charles Schwab & Co., Inc., was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 1650 Market Street, Suite 102, Philadelphia, Pennsylvania.

    3.    The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1337, and the claim is substantively based on the Age Discrimination in Employment Act ("ADEA"), Title 28 U.S.C. §626(b), the Americans With Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA") of 2008.

    4.    All conditions precedent to the institution of this suit have been fulfilled. More than sixty (60) days have elapsed since the Plaintiff filed his Charge of

Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The Plaintiff has satisfied all other jurisdictional prerequisites prior to the commencement of this action. A notice of right to sue was issued by the EEOC on and this action has been commenced within ninety (90) days of the issuance of said Notice.

5.      At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were authorized and acting with the scope of their authority, course of employment and under the direct control of Defendant.

6.      At all times material herein, Defendant has been a "person" and "employer" as defined under the ADEA, ADA, and ADAAA, and has been, and is subject to, the provisions of each said Act.

## II.    CAUSES OF ACTION

7.      Plaintiff was employed by Defendant from November 18, 1996 until on or about February 20, 2020, when he was constructively terminated as a result of the unlawful employment practices complained of herein.

9.      Plaintiff held the position of Senior Client Services Representative for Defendant, and at all times performed his job functions in a dutiful and competent manner.

10.     On or about October 23, 2019, Plaintiff disclosed to Defendant that he was HIV Positive.

11.     Plaintiff's medical condition constitutes a disability within the meaning of the ADA and ADAAA, in that he was substantially limited in a major life activity and was regarded by Defendant as being disabled.

12.     During the course of Plaintiff's employment, he was subjected to various instances of discrimination and harassment on the basis of his Age (62) and Disability (HIV-Positive), by his manages, Christopher Nixon ("Nixon") and Addison Lynch ("Lynch").

13.     The aforesaid harassment included, but was not limited to, being subjected to discriminatory remarks by Lynch, such as that he favored younger employees, that Plaintiff seemed confused and that it was taking Plaintiff too much time learn a new computer program, remarking that Plaintiff had to "change with the times", and by mocking his health by asking him if he was "dying" in front of other staff.

14.     In a manner similar to which Plaintiff was being treated by Nixon, Lynch also subjected him to discriminatory treatment on the basis of his disability of his age.

15.   With respect to his disability, Lynch harassed Plaintiff by requiring him to bring in a note the day after he was absent after a doctor visit, contrary to Defendant's policy which required that an employee only bring in a note within three days after such an occurrence.

16.   Further, only after one week after Plaintiff revealed the fact that he was HIV-Positive to Lynch, he issued him the negative performance appraisal on October 30, 2019. Prior to that, Plaintiff had never received any negative criticisms regarding his performance.  In fact, Complainant just received a more than satisfactory review in March, 2019.

17.     Thereafter, Plaintiff experienced intense micromanaging of his work and enhanced scrutiny by both Lynch and Nixon.

- 3 -

18.     As a direct result of the aforesaid discriminatory treatment, Plaintiff registered complaints with Defendant's Human Resources Personnel.  Notwithstanding his complaints, Defendant failed to conduct an investigation or take any remedial action on his behalf.

19.     Thereafter, Plaintiff was subjected to further discrimination and retaliation, which intensified due to him having registered the aforesaid complaint.  In connection thereto, Lynch overly scrutinized Plaintiff's arrival and departure times, micromanaged his work and looked for minor mistakes to call to Plaintiff's attention, came up behind him at his work station and yelled at him in a loud and abusive manner that he was making mistakes, and called him into the conference room nearly every day towards the end of his employment in order to antagonize and bait Plaintiff into verbal confrontation.

20.     The Defendant's actions, as aforesaid, created a hostile working environment for Plaintiff.

21.     As a direct result of the aforesaid discriminatory and retaliatory employment practices, and Defendant's failure to investigate or take any remedial action on his behalf, Plaintiff was constructively discharged from his employment on February 20, 2020.

**COUNT I**
**(ADEA)**

22.     Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as fully set forth at length herein.

23.     The actions of Defendant through its agents, servants, and employees in subjecting Plaintiff to a hostile work environment and in terminating Plaintiff because of

his age and in retaliation for opposing discrimination, constituted a violation of the
ADEA.

24.     The unlawful discriminatory employment practices engaged in by the
Defendant were in violation of the provisions of Title 28 U.S.C. §626(a)(1) and 626(a)(2)
of the Age Discrimination in Employment Act.

25.     As a direct result of the aforesaid unlawful discriminatory employment
practices engaged in by the Defendant in violation of 28 U.S.C. §626(a) and (1) and
626(a)(2) of the Age Discrimination in Employment Act, Plaintiff sustained permanent
and irreparable harm resulting in the loss of employment, which caused him to sustain a
loss of earnings, plus the value of certain benefits, plus loss of future earning power,
plus back pay, and front pay and interest due thereon.

## COUNT II
## (ADEA)

28.     Plaintiff incorporates by reference paragraphs 1 through 27 of this
Complaint as fully set forth at length herein.

26.     The actions of Defendant through its agents, servants, and employees in
subjecting Plaintiff to a hostile work environment and in terminating Plaintiff because of
his Disability and in retaliation for opposing discrimination, constituted a violation of the
ADA and ADAAA.

27.     The unlawful discriminatory employment practices engaged in by the
Defendant were in violation of the provisions of the ADA and ADAAA.

28.     As a direct result of the aforesaid unlawful discriminatory employment
practices engaged in by the Defendant in violation of the ADA and ADAAA, Plaintiff

- 5 -

sustained permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.  The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress, as a result of the Defendant's unlawful actions, as aforesaid.

### PRAYER FOR RELIEF

29.    Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as fully set forth at length herein.

**WHEREFORE,** Plaintiff requests this Court to enter judgment in his favor and against Defendant, and order that:

(a)    Defendant offer Plaintiff a position, with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

(b)    Defendant compensate Plaintiff with an award of front pay, if appropriate;

(c)    Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(d)    Defendant pay Plaintiff liquidated damages (ADEA), punitive damages under the ADA, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses as allowable;

(e)    Defendant pay Plaintiff, pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(f)    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By:_____

       KEVIN V. LOVITZ, ESQUIRE
       ID # 70184
       1650 Market Street, 36th Floor
       Philadelphia, PA 19103
       (215) 735-1996 Phone
       (215) 735-1515 Fax
       Attorney for Plaintiff,
       Michael Trueson